UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 16-cr-10170-MLW |
| | ) | |
| JOSE MUNIZ, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    April 16, 2020

The court has considered defendant Jose Muniz's April 13, 2020 Emergency Motion, in Light of the COVID-19 Pandemic, to Serve the Relatively Short Balance of His Sentence in Home Confinement Pursuant to 18 U.S.C. §3582(c)(1)(A) (Dkt. No. 37, the "Motion") and the government's April 15, 2020 Opposition to it (Dkt. No. 40). Muniz states that he has not requested that the warden of MDC Brooklyn, where Muniz is detained, order his release pursuant to that statute. Section 3582(c)(1)(A) states, in pertinent part, that in certain circumstances:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions . . . ).

This statutory language is mandatory. Therefore, for the reasons explained in United States v. Lugo, No. 2:19-cr-00056-JAW, 2020

WL 1821010 (D. Me. Apr. 10, 2020), the court does not now have the authority to grant Muniz the relief requested under §3582(c)(1)(A).[1] See also Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (where a statutory exhaustion provision is mandatory, it "foreclose[s] judicial discretion"). Therefore, the Motion is being denied without prejudice to renewal if and when the exhaustion requirements of §3582(c)(1)(A) are met.

The court notes that Muniz correctly states that, exercising the authority granted by §12003(b)(2) of the CARES Act, the Attorney General of the United States issued a memorandum making any federal inmate eligible to be transferred to serve the remainder of his or her sentence in home confinement if the Bureau of Prisons ("BOP") makes certain findings concerning him or her. See Mem. from William P. Barr to Michael Carvajal (Apr. 3, 2020) (Dkt. No. 37-1). On April 5, 2020, the BOP announced that "[i]nmates do not need to apply to be considered for home confinement" pursuant to the Attorney General's memorandum. See Press Release, BOP, Update on COVID-19 and Home Confinement (Apr. 5, 2020) (Dkt. No. 37-3). Therefore, Muniz argues that, although he has not personally asked the BOP to be released pursuant to §3582(c)(1)(A), he should be deemed

---

[1] Because Muniz has requested relief pursuant to 18 U.S.C. §3582(c)(1)(A) only, the court is not deciding whether the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), provides a basis for relief independent of §3582(c)(1)(A).

to have made such a request on April 5, 2020. It would be premature for the court to decide that issue now. However, it would be prudent for Muniz to make a personal request for release to the BOP if he has not already done so.

In view of the foregoing, the Motion (Dkt. No. 37) is hereby DENIED without prejudice.

/s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE
